GODBOLD, Circuit Judge,
dissenting:
I respectfully dissent. This court misapplies Carmichael v. Birmingham Saw Works, 738 F.2d 1126 (11th Cir.1984). In reaching its conclusion that plaintiffs did not establish a prima facie case of discrimination the court relies upon the fact that the plaintiffs never applied for the dispatcher position. And, if the decision-maker is unaware of the plaintiffs’ existence and possible interest then he cannot discriminate against her, therefore any presumption of discrimination is unfounded.
Carmichael holds that when an employer does not post an available position and instead uses informal methods, such as word of mouth, to let employees know of the position, it “has a duty to consider all those who might reasonably be interested” in the position. Id. at 1133. And an “employer cannot avoid a Title VII violation by showing that it incorrectly assumed that the plaintiff was uninterested in the job.” Id. at 1133-34.
This court accepts that Prudential did not post the dispatcher’s position but filled it by “rather informal methods.” Carmichael tells us that in that situation employees are protected against an employer’s “legally insufficient and illegitimate” assumption that they are disinterested in the position. Id. at 1134. This- court takes away the Carmichael position by giving *1281 effect to an erroneous assumption — that because other employees are disinterested the plaintiffs must be disinterested too. This stands Carmichael on its head.
Second, I am troubled by the court’s consideration of the evidence in two discrete segments, the evidence relating to Conner and the evidence relating to Jones, as though each segment is independent of the other. A third possibility is that discrimination was the product of Conner and Jones cooperating in a decision to employ Hyland that was not based upon his being “better qualified.”
On November 9 Conner transmitted this message to Jones:
Joe [Putz] and I have reevaluated our staffing needs here in Orlando. We will be contacting all 9 individuals who posted to determine their qualifications for the needed positions. I will let you know which individuals we select.
I will need a dispatcher in Orlando to backfill my current dispatcher who will be moving into M/L claims. May we contact Todd Hyland in S. Fla. and offer him this position in Orlando? Todd has all the skills needed for this job.
This is more than a notice of a vacancy and a request that it be filled. It is a request that a particular employee be chosen, a recommendation of that person’s skills, and a request for actions.
Jones then examined personnel files. This court acknowledges that her testimony about her examination is flawed. She testified that she could not recall how long the process took, when asked to give her estimate she responded that it “probably took a week to two weeks,” but it was just an estimate. In its footnote 7 the court points out other matters that Jones could not recall but excuses this with its statement that she did not have access to the files immediately prior to her deposition.
The evidence of time is disquieting. Hy-land testified that he was offered the dispatcher position “about three weeks before the closing of the office approximately,” but that he could not be exact. The office was closed on December 2. Three weeks prior to that date would be on or about November 9, which was the date on which Conners’ message to Jones asked that Hy-land be selected and recommended him for his skills. Under all the evidence a factfin-der might conclude that Jones received Conner’s request, took a look at the files, and notified Hyland that he could have the job, that is that Rogers selected Hyland not on the basis of “better qualified” but as a response to Conners’ in-house request that Hyland be chosen.